IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30722
Summary Calendar
_____


WILLIAM CHARLES AUTER STEVENSON,

Plaintiff-Appellee,

versus

TOM ED McHUGH, Etc., ET AL.,

Defendants,

BEN ODOM, Sargent; DAN LARKIN, Individually
and in their official capacities,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(97-CV-332)
_____

March 18, 1999

Before REAVLEY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

    Defendants Bob Odom and Dan Larkin appeal the denial of
their motion for summary judgment.  They are officers of the City
of Baton Rouge who arrested the plaintiff by authority of a duly
issued warrant.  The district court denied summary judgment on

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the ground that plaintiff had raised an issue that the officers obtained the warrant by giving the magistrate false and misleading information in violation of Franks v. Delaware, 98 S.Ct. 2674 (1978).  Because we find no evidence that the officers intended to mislead the magistrate, or recklessly did so, we sustain their appeal.

The affidavit for the warrant states the nature of the knife attack upon the victim, the knife imprint on the carpet, and that the guilty knowledge of Stevenson was revealed by his statements to three separate individuals.

Plaintiff faults the officers for not informing the magistrate that no fingerprints or other physical evidence at the crime scene implicated the plaintiff, that plaintiff made erroneous statements to his acquaintances about the precise location of the knife wounds, and falsely stating that the details of the crime had not been released and were known only to the guilty party.  It was Detective Odom who signed the arrest warrant affidavit, and no reason is given for charging Detective Larkin with culpability.  Nor do we see the justification for charging that Odom withheld evidence that tainted the magistrate's decision to issue the warrant.  After the preliminary examination the judge decided that probable cause was lacking to hold Stevenson, because testimony of witnesses at the hearing did not fit the conclusion that Stevenson's information about the crime was confined to the officers and the guilty person.  With the benefit of further testimony and hindsight,

2

that was the finding of the court.  Defendant Odom may have been mistaken, but no evidence suggests that he was without reason to state what he did when he signed the affidavit or was guilty of anything more than a mistake about the information available to Stevenson.

The order of the district court denying summary judgment is reversed and judgment is rendered dismissing the action against Ben Odom and Dan Larkin.

REVERSED AND RENDERED.